J-S19004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHLOMA WEINBERGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT M. SMITH | : | |
| | : | |
| Appellant | : | No. 2554 EDA 2019 |

Appeal from the Order Entered August 21, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 190501823

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

CONCURRING MEMORANDUM BY: McCAFFERY, J.:     **FILED JUNE 08, 2020**

I agree with the Majority that Appellant Robert M. Smith (Tenant) has not addressed the underlying disposition — the trial court's denial of his motion to reinstate the appeal.  Thus, I concur that no relief is due.  ***See Bombar v. West Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Nevertheless, I write separately to point out the peculiar circumstances presented below.  In court filings, Shloma Weinberger (Landlord) represented their address to be 4256 Castor Avenue in Philadelphia.  Indeed, this address was stated on the Municipal Court's May 17, 2019, order granting judgment to Landlord.  Order, 5/17/19.  A mere 11 days later, however, on May 28th,

the Philadelphia Sheriff's Office averred that service could not be made because Landlord did not live at and could not be found at that address. Appellant's Motion to Reinstate Appeal, 8/19/19, Exh., Sheriff's Return of Service, 5/28/19. Furthermore, the Sheriff's Office averred that Landlord's counsel, "Attorney Howard Ford refused to accept service for [Landlord] at that address." *Id.* On July 3rd, Landlord failed to appear at the scheduled settlement conference.

On July 11, 2019, new counsel for Landlord, Samuel Ben-Samuel, Esquire, entered his appearance and filed a praecipe to strike Tenant's appeal.

Meanwhile, the trial court's docket sheet, included in the certified record transmitted to this Court, continues to list "4256 Caster Avenue" as Landlord's address. Docket Sheet, at 1. The last entry on this docket sheet is for the trial court's October 19, 2019, opinion — which we emphasize post-dated the underlying August 21, 2019, order, denying Appellant's motion to reinstate appeal, by approximately two months. Landlord has not filed any notice in the trial court, nor this Court, providing a new or corrected address.

In his motion to reinstate appeal, Appellant averred he "has shown effort to serve appeal on [Landlord] through the Philadelphia[ ] Sheriffs Office," and he attached the Sheriff's return of service. Appellant's Motion to Reinstate Appeal, 8/19/19. However, the record does not indicate the trial court considered the unexplained discrepancy between Landlord's own representations as to their address and the Sheriff's conclusion that Landlord

did not live and could not be found at that address. There is likewise no indication the court addressed why Attorney Ford refused to accept service for Landlord at the same address provided in their filings.

Without such an examination by the trial court, it seems unfair that Tenant's complaint was dismissed for failure to serve Landlord. In the absence of an explanation from Landlord and counsel why they refused service at the same address they represented in court filings to be valid, the record tends to show a good faith effort by Appellant to comply with the notice rules. Meanwhile, Landlord and their counsel's actions — by either refusing service at the correct address or refusing to provide notice of a correct address — have succeeded to avoid review of the substantive merits of this case.

Accordingly, I concur.

Judge Bowes joins this concurring memorandum.
Judge Musmanno joins this concurring memorandum.